[Cite as *State v. Schuttinger*, 2014-Ohio-3455.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 83 |
| TEILA SCHUTTINGER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  13 CR 79


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 7, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH OSWALT                        CARRIE WOOD
PROSECUTING ATTORNEY                  ASSISTANT STATE PUBLIC DEFENDER
20 South Second Street                250 East Broad Street, Suite 1400
Newar, Ohio  43055                    Columbus, Ohio  43215

*Wise, J.*

{¶1}. Appellant Teila Schuttinger appeals her conviction, in the Court of Common Pleas, Licking County, on one count of tampering with records. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On February 5, 2013, appellant went to the Licking County Municipal Clerk's Office to discuss and review the court file on a traffic case regarding her adult son Nicholas, who had been ticketed for reckless operation, speeding, and a turn-signal violation in Licking County in 2010. Appellant first approached Casey Zimmerman, a deputy municipal clerk for assistance. Casey asked Brenda McOsker, another employee of the clerk's office, to give her a hand with the request. Appellant thereupon presented McOsker with a certificate of completion from a remedial driving school, listing appellant's son as the student. According to McOsker, appellant appeared to believe that presentation of her son's completion of the driving course should have resulted in dismissal of his violation. McOsker later testified that aspects of the remedial driving course form looked unusual and that it bore a stamp that was not from her office. Tr. at 97.

{¶3}. McOsker at some point asked Zimmerman to retrieve the court file at issue from the basement. Appellant and McOsker then reviewed the matter. McOsker in the meantime was also trying to help appellant by contacting the probation department and calling the Bureau of Motor Vehicles to get information pertaining to remedial driving course forms. At one point, she stepped away from the counter when appellant placed a cellular call to her insurance agent. When McOsker returned to the counter,

she noticed the court file was missing. Appellant had not been given permission to remove the file. The incident was recorded on a security camera in the clerk's office.

**{¶4}.** According to Marcia Phelps, the Licking County Municipal Clerk, McOsker came to her office and informed her about the missing file. Phelps asked appellant if she had picked up the case file. Appellant denied taking it. Phelps also stated that she looked into appellant's bag for the documents, but that she was not shown the whole bag.

**{¶5}.** On or about February 12, 2013, appellant was arrested.

**{¶6}.** On February 27, 2013, a package was hand delivered to the post office, where the Licking County Court of Common Pleas had a post-office box. Olivia Thorp from the Licking County Court of Common Pleas recognized the name on the documents, and called the prosecutor's office. Tr. at 178-179. Eric McCort, the chief investigator from the prosecutor's office, picked up the documents. *Id.* at 183. The State later introduced the contents of this package into evidence, which contained the original pleadings from the municipal court, including a traffic ticket with the name "Schuttinger." *Id.* at 178, 185, 189. McCort also obtained related documents that appellant's daughter, A.S., tried to bring to the jail at appellant's behest, although these documents did not include the court file.

**{¶7}.** On March 15, 2013, appellant was indicted on one count of tampering with records, in violation of R.C. 2913.42(A)(1) and (B)(4), a felony of the third degree.

**{¶8}.** The State purportedly made a plea offer recommending that in exchange for appellant pleading guilty to R.C. 2913.42(A)(1) and (B)(4), the State would urge the trial court to sentence her to community control.

{¶9}. The plea offer apparently was rejected, and the case proceeded to a jury trial on August 13 and 14, 2013.

{¶10}. At trial, the State asserted that after appellant had been charged, she anonymously returned those documents to the court. Tr. at 284. The State proposed that appellant took the documents after her first attempt to reduce her family insurance rates failed. *Id.* at 275, 281, 288, 290. Appellant conceded at trial that she had prior convictions for theft and receiving stolen property in Franklin County.

{¶11}. The jury convicted appellant on the count of records tampering. The trial court imposed an 18-month prison term, a $5,000.00 fine, and costs. Judgment Entry, Aug. 14, 2013. The trial court also imposed court-appointed counsel costs, according to her ability to pay.

{¶12}. On September 12, 2013, appellant filed a notice of appeal. She herein raises the following five Assignments of Error:

{¶13}. "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER STATUTORY SENTENCING FACTORS.

{¶14}. "II. THE STATE FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF OHIO EVID.R. 404(B) FOR ITS INTRODUCTION OF OTHER CRIMES, WRONGS, OR ACTS EVIDENCE, AND, AS A RESULT, DEPRIVED MRS. SCHUTTINGER OF A FAIR TRIAL.

{¶15}. "III. THE STATE COMMITTED MISCONDUCT WHEN IT ASKED THE JURY TO FULFILL THE ROLE OF AN EXPERT WITNESS AND DEPRIVED THE DEFENDANT OF A FAIR TRIAL.

{¶16}. "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND MRS. SCHUTTINGER 'NOT INDIGENT' FOR PURPOSES OF IMPOSING COUNSEL FEES.

{¶17}. "V. MRS. SCHUTTINGER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE (SIC) CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL (1) FAILED TO OBJECT TO INTRODUCTION OF UNNOTICED OHIO EVID.R. 404(B) EVIDENCE; (2) FAILED TO CALL THE APPROPRIATE WITNESS TO INTRODUCE MRS. SCHUTTINGER'S

{¶18}. DOCUMENTS THAT WERE TAKEN FROM A. S.; (3) FAILED TO OBJECT TO THE IMPOSITION OF COUNSEL FEES WITHOUT THE APPROPRIATE FINDINGS; (4) FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO CONSIDER THE FACTORS IN R.C 2929.12; AND (5) FAILED TO OBJECT TO THE STATE'S REQUEST OF THE JURORS TO SERVE AS EXPERT WITNESS (SIC) DURING CLOSING ARGUMENT."

I.

{¶19}. In her First Assignment of Error, appellant argues the trial court abused its discretion in sentencing her pursuant to R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶20}. R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. As an initial matter, we must address our proper appellate standard of review in this area of sentencing. The State

urges in its response brief that in light of R.C. 2953.08(G)(2), the *Kalish* abuse-of-discretion standard is not applicable in reviewing the aspects of R.C. 2929.11 and 2929.12. In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

{¶21}. R.C. 2953.08(G)(2) presently reads in pertinent part as follows:

{¶22}. "* * * The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶23}. "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶24}. "(b) That the sentence is otherwise contrary to law."

{¶25}. We note subsection (G)(2)(a) does not reference R.C. 2929.11 or 2929.12. Moreover, the General Assembly has not removed the "discretion" language in R.C. 2929.12(A). We further note this Court has continued to recite *Kalish* in regard to

R.C. 2929.11 and 2929.12 issues. *See State v. Oester*, 5th Dist. App.No. 2012CA00118, 2013-Ohio-2676, ¶ 51. We will therefore apply *Kalish* in reference to the present assigned error.

**{¶26}.** Appellant herein first specifically argues the trial court failed to consider the need for "rehabilitating the offender" as set forth under R.C. 2929.11(A). Appellant points out that the trial court denied her request for a presentence investigation, contending that the judge thus failed to properly consider community control in lieu of prison time. However, this Court has recognized that a trial court is not required to obtain a PSI report, unless it is imposing community control or felony probation. *See State v. Ewert,* 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 35.

**{¶27}.** Appellant next maintains the trial court failed to take into account the sub-factor of avoiding an unnecessary burden on state or local resources, also set forth under R.C. 2929.11(A). She also contends the trial court made improper reference to her right to go to trial by stating the following during sentencing. " ***The video itself wasn't good enough for you. You demanded DNA evidence, or you wanted the State to spend thousands of dollars to prove beyond all doubt that your offense occurred, not beyond a reasonable doubt." Tr. at 316-317.[1]

**{¶28}.** We note that "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App.No. 2006–L–185, 2007–Ohio–3013, ¶ 44 (internal

---

[1]  Appellant at this juncture also adds a challenge to the imposition of a $5,000.00 fine in this case; we will address the issue of her indigency status subsequently in this appeal.

quotations omitted). In the case sub judice, the trial court stated both on the record and in its sentencing entry that it had considered the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. *See* Tr. at 316; Sentencing Entry, August 14, 2013, at 1. Therefore, upon review of the record and the aforesaid arguments of appellant, we find the trial court properly considered the purposes and principles of felony sentencing, and the factors of seriousness and recidivism, and we find no error of law or abuse of discretion in the trial court's 18-month sentence in this matter.

{¶29}. Appellant's First Assignment of Error is overruled.

II.

{¶30}. In her Second Assignment of Error, appellant appears to argue the trial court erred under Evid.R. 404(B) by allowing the State to introduce testimony suggesting appellant engaged in deceit by altering Nicholas's remedial driving certificate. We disagree.

{¶31}. The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. *State v. Oman* (Feb. 14, 2000), Stark App . No. 1999CA00027, 2000 WL 222190.

{¶32}. Evid.R. 404(B) sets forth an exception to the general rule against admitting evidence of a person's other wrongs or bad acts. Said rule states as follows:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule *shall provide reasonable notice* in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." (Emphasis added).

**{¶33}.** Both Brenda McOsker and Marcia Phelps testified at trial that the driving-course completion document provided by appellant looked unusual and that they did not recognize the stamp on the document. *See* Tr. at 97, 164. In closing, the State argued that "Brenda told you she had never seen a document that looked quite like this. It struck her as odd that it had the weird Clerk of Courts stamp there at the bottom that says October 20 something, the top is cut off * * *, that there was no year on the completion of the certificate, that there was nothing in the file to indicate that if this remedial driving course was completed the case would be dismissed." Tr. at 290.

**{¶34}.** Appellant herein specifically maintains the State, in violation of Evid.R. 404(B) and the notice requirement therein, was thus trying to create the inference that appellant had attempted to wrongfully change the outcome of her son's traffic case through deceit, something for which she had not been charged.

**{¶35}.** We first note that appellant did not object to the challenged testimony at trial. Where there is no objection raised to evidence alleged by the defendant to be in violation of Evid.R. 404(B), we review the issue under a plain error standard. *See State v. Teagarden*, 5th Dist. Licking No. 08-CA-39, 2008-Ohio-6986, ¶ 60. Even so, we find

the testimony by McOsker and Phelps regarding the driving course document was simply setting the stage as to the reason for appellant's protracted interaction with the clerk's office personnel; it was not admitted to undermine appellant's character. Indeed, "[a]ll contextual testimony that the jury hears that explains the wider 'story' or circumstances beyond the immediate facts of the crime will invariably carry some prejudice—in the sense that this larger story will rarely make the defendant look good." *State v. Swiergosz* (6th Dist.), 197 Ohio App.3d 40, 2012-Ohio-830, ¶ 25.

**{¶36}.** Upon review, we find no existence of plain error in regard to appellant's claim under Evid.R. 404(B).

**{¶37}.** Appellant's Second Assignment of Error is overruled.

III.

**{¶38}.** In her Third Assignment of Error, appellant argues the State engaged in prosecutorial misconduct by asking the jurors to review the handwriting on a mailed envelope without calling an expert witness. We disagree.

**{¶39}.** Generally, a prosecutor's conduct at trial is not grounds for reversal unless that conduct deprives the defendant of a fair trial. *State v. Loza* (1994), 71 Ohio St.3d 61, 78, 641 N.E.2d 1082.

**{¶40}.** The Staff Notes to Evid.R. 901(B)(3) provide in pertinent part:

**{¶41}.** "* * * Rule 901(B)(3) provides that an expert *or the jury*, as trier of fact, may compare the handwriting in question with a specimen of handwriting which has been authenticated. Ohio cases have followed such procedure.   * * *." (Emphasis added).

{¶42}. *See, also, State v. Cooper*, 8th Dist. Cuyahoga No. 86437, 2006-Ohio-817, ¶ 20.

{¶43}. In the case sub judice, the prosecutor asked the jury to compare handwriting from the envelope that had arrived at the Licking County Clerk's Office after appellant had reported to pretrial release, with the letter appellant wrote while in the municipal clerk's office on February 5, 2013. Tr. at 289-290. In light of Evid.R. 901(B)(3), we find no reversible error in this regard on the basis of prosecutorial misconduct.

{¶44}. Appellant's Third Assignment of Error is overruled.

IV.

{¶45}. In her Fourth Assignment of Error, appellant contends the trial court erred in finding her to be non-indigent for purposes of counsel fees. We disagree.

{¶46}. R.C. 2941.51(D) states in pertinent part: "The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. ***."

{¶47}. In the case sub judice, prior to trial, the State challenged the appointment of counsel for appellant. A hearing was therefore conducted before the trial court on August 9, 2013. Based on its formula for indigency status, the trial court denied the State's motion for removal of appointed counsel. However, after the trial, at sentencing, the trial court stated: "I'll also impose a $5,000 fine finding you not to be indigent. I'll impose courts costs, costs of prosecution and counsel fees." Tr. at 317. In its

subsequent judgment entry, the trial court stated that "[t]he Defendant shall pay court appointed counsel costs *** according to the Defendant's ability to pay." Judgment Entry, Aug. 14, 2014, at 2. The fine was then imposed without reference to ability to pay. *Id.*

{¶48}. Appellant, citing *State v. Johnson,* 3d Dist. Wyandot No. 16-03-09, 2004-Ohio-1513, ¶50, argues that when a trial court fails to make an affirmative finding of the defendant's present or future ability to pay indigent counsel fees in its journal entry of sentence, the trial court errs in assessing indigent counsel fees.

{¶49}. While we do not necessarily find *Johnson* applicable in every case, under the circumstances of the case sub judice, we find the court's use of the conditional "ability to pay" language conforms to the spirit of the statute's requirements.

{¶50}. In regard to the assessment of the $5,000.00 fine, raised earlier in appellant's brief, we note under R.C. 2929.19(B)(5), a trial court must "consider" a defendant's future ability to pay. However, a trial court is not required to expressly state that it engaged in such consideration. *See State v. Parker,* 2nd Dist. Champaign No. 03CA17, 2004-Ohio-1313, ¶ 42.

{¶51}. Appellant's Fourth Assignment of Error is therefore overruled.

V.

{¶52}. In her Fifth Assignment of Error, appellant argues she received ineffective assistance of trial counsel on several grounds. We disagree.

{¶53}. The two-part test for ineffective assistance of counsel in criminal cases is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim for ineffective assistance of counsel requires a two-prong analysis.

The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland, supra; State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶54}. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

{¶55}. However, it is well-established that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the appellant as a result of the alleged deficiencies. *See Bradley* at 143, quoting *Strickland* at 697. Furthermore, "[a] defendant must demonstrate actual prejudice, and speculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel." *State v. Halsell,* 9th Dist. Summit No. 24464, 2009–Ohio–4166, ¶ 30, citing *State v. Downing,* 9th Dist. Summit No. 22012, 2004–Ohio–5952, ¶ 27. Actual prejudice means there is a reasonable probability that but for counsel's unprofessional errors, the outcome of the case would have been different. *See State v. Adams,* Licking App.No. 2005–CA–0024, 2005–Ohio–5211, ¶ 18.

{¶56}. Appellant contends she was deprived of her right to effective assistance of counsel based on: (1) failure to object to introduction of alleged Ohio Evid.R. 404(B)

evidence, (2) failure to call the appropriate witness to introduce appellant's documents that were taken from her daughter, A.S., (3) failure to object to the imposition of counsel fees without the appropriate findings, (4) failure to object to the trial court's failure to consider the factors in R.C. 2929.12, and (5) failure to object to the State's purported request of the jurors to serve as "expert witnesses" during closing argument.

**{¶57}.** In regard to the failure of defense counsel objections in regard to Evid.R. 404(B), R.C. 2929.12, and the lack of a handwriting expert,  based on our previous analyses of these issues in the present appeal, we find no showing that counsel's performance fell below an objective standard of reasonable representation. As to the failure to object to counsel fees, we find no ineffective assistance in light of our redress of the Fourth Assignment of Error. Finally, in regard to the failure to call additional witnesses concerning the documents A.S. had in her possession, we emphasize that "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *State v. Phillips,* Stark App.No. 2010CA00338, 2011–Ohio–6569, ¶ 26, quoting *Buckelew v. United States* (5th Cir.1978), 575 F.2d 515, 521. Accordingly, we find appellant's claim of prejudice based on ineffective assistance in this regard to be speculative and unpersuasive.

{¶58}. Accordingly, appellant's Fifth Assignment of Error is overruled.

{¶59}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0718