[Cite as *State v. McKinney*, 2015-Ohio-372.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CA 53 |
| BRANDY MCKINNEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. 13 CR 773R


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     January 30, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JILL M. COCHRAN.                          SHANE M. LEUTHOLD
ASSISTANT PROSECUTOR                      LEUTHOLD LAW OFFICE
38 South Park Street                      Post Office Box 769
Mansfield, Ohio  44902                    1309 East Mansfield Street
                                          Bucyrus, Ohio  44820

*Wise, J.*

{¶1}. Appellant Brandy McKinney appeals following her conviction and sentence for attempted burglary in the Court of Common Pleas, Richland County. The relevant facts leading to this appeal are as follows.

{¶2}. On the night of November 6, 2013, appellant decided to stop by the Lexington residence of her ex-boyfriend, John Gurick. Appellant had been celebrating her birthday that evening and had consumed alcohol. At some point, she noticed that appellant was in the residence with his girlfriend, Stephanie Windsor. When Gurick answered the door, appellant tried to force her way inside. Gurick was able to physically remove her from the doorway area and lock the door.

{¶3}. Appellant returned to the Gurick residence a short time later, accompanied by her brother, Gary McKinney, who brought along a baseball bat. Appellant and Gary proceeded to kick and beat the door and door frame to the residence, but Gurick, Windsor, and a friend, Jeremy Parsons, prevented the door from being breached. Appellant and Gary finally gave up and left. The next morning, Stephanie Windsor's automobile was found to have several damaged windows. Appellant later confessed to police that she had been at Gurick's property that night with the intention of beating up Windsor.

{¶4}. On December 6, 2013, appellant was indicted on two counts of attempted burglary (R.C. 2911.12(A)(1)), felonies of the third degree. Appellant entered pleas of not guilty. She posted bond on December 12, 2013. As a condition of her bond, appellant was placed on pretrial supervision.

{¶5}. On May 9, 2014, three days before the scheduled trial, appellant appeared in court with counsel, and entered a plea of guilty to an amended count of attempted burglary (R.C. 2911.12(A)(3)), a felony of the fourth degree. The State also agreed to dismiss Count II as an allied offense. As a part of the plea agreement, the State was to recommend a community control sanction if appellant testified truthfully against Gary McKinney.

{¶6}. On May 22, 2014, a bench warrant was issued for the arrest of appellant for violations of her bond terms.

{¶7}. Sentencing was originally scheduled for June 18, 2014; however, appellant obtained a continuance to June 26, 2014. At that time, appellant argued that she should be granted community control because she had made a proffer to the State regarding her future testimony against Gary McKinney, even though it turned out his case did not go to trial due to his August 2014 change of plea. The court asked to speak to appellant's pre-trial supervision officer, Jill Bond, regarding the violation of appellant's bond. The court also obtained the presentence investigation report regarding appellant.

{¶8}. The trial court determined that, due to appellant's failure to cooperate with pre-trial supervision, she was not amenable to community control sanctions. Appellant was thereupon sentenced to nine months in prison, with three years of discretionary post release control. She was also ordered to pay $225.00 in restitution to Stephanie Windsor.

{¶9}. On July 2, 2014, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶10}. "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SANCTION.

{¶11}. "II. THE TRIAL COURT ERRED BY ORDERING THE APPELLANT TO PAY STEPHANIE WINDSOR $225 IN RESTITUTION."

I.

{¶12}. In her First Assignment of Error, appellant contends the trial court erred in ordering a prison sentence for her offense of attempted burglary. We disagree.

{¶13}. In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

{¶14}. Recently, in *State v. Bailey*, 5th Dist. Ashland No. 14–COA–008, 2014–Ohio-5129, ¶ 18 - ¶ 19, this Court, while recognizing the approach has been rejected by some Ohio appellate districts, reaffirmed *Kalish* as its standard of review. More specifically, as the main thrust of appellant's argument herein is that the trial court failed to properly examine and apply the principles of felony sentencing (R.C. 2929.11) and the statutory seriousness and recidivism factors (R.C. 2929.12), we note our continued reliance on the *Kalish* abuse-of-discretion standard as proper for reviewing the aspects of R.C. 2929.11 and 2929.12. *See State v. Schuttinger*, 5th Dist. Licking No. 13 CA 83,

2014-Ohio-3455, ¶ 25, citing *State v. Oester,* 5th Dist. Stark No. 2012CA00118, 2013–Ohio–2676, ¶ 51.

**{¶15}.** Under R.C. 2929.13(B)(1)(a), if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community-control sanction. Thus, this portion of the statute excludes offenses of violence and certain qualified offenses from mandatory imposition of community control. *State v. Johnson*, 8th Dist. Cuyahoga No. 100719, 2014-Ohio-3722, ¶ 10.[1]

**{¶16}.** We first address appellant's assertion that "at no time during the sentencing" did the trial court indicate its consideration of the R.C. 2929.11 and 2929.12 factors. *See* Appellant's Brief at 4. Certainly, R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. But it is well-established that " *** a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *See State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App. No.2006–L–185, 2007–Ohio–3013, ¶ 44 (internal quotations omitted). However, the failure to indicate at the sentencing *hearing* that the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. Franklin No. 09AP–1163, 2010-Ohio-5819, 2010 WL 4884904, ¶ 8 (emphasis added). Any findings of the trial court in regard to R.C. 2929.11

---

[1]    Appellant does not herein discuss whether her offense of attempted burglary constitutes an offense of violence. However, the trial court found prison time permissible based on appellant's violations of bond conditions. *See* Sentencing Tr. at 10*;* R.C. 2929.13(B)(1)(b)(iii).

and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. Boyd*, 5th Dist. Richland No. 13 CA 62, 2014-Ohio-2019, ¶ 12, citing *State v. O'Donnell,* 9th Dist. Summit No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted). The sentencing entry in this case sets forth that the trial court took into consideration the statements of appellant and her counsel, as well as "the presentence investigation, any victim impact statement, the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12."

{¶17}. In the case sub judice, the sentence at issue is within the statutory range for fourth-degree felonies. *See* R.C. 2929.14(A)(4). We further note that the only "seriousness" factor apparent in the record is that appellant's recent romantic relationship with the victim, Gurick, facilitated the offense. *See* R.C. 2929.12(B)(6). Appellant urges that three "less serious than conduct normally constituting the offense" factors were present, namely, that Gurick induced the incident by lying to her about Stephanie Windsor (R.C. 2929.12(C)(1)), that she was under "strong provocation" after finding Gurick and Windsor together on appellant's birthday (R.C. 2929.12(C)(2)), and that she did not expect to cause harm to persons or property, as she and Windsor wanted to "engage in mutual combat" (R.C. 2929.12(C)(3)). Appellant also directs us to conclusions from the PSI report indicating that she had a low/moderate risk and supervision assessment level. She also contends that Gurick did not want her to go to prison, based on information that he wanted to get the case over with. *See* Sentencing Tr. at 7. Appellant suggests that the main reason she was sentenced to prison was

because she was in a subsequent relationship with a convicted sex offender that was not approved of by her pre-trial supervisor.

{¶18}. However, the record indicates that appellant was not compliant with pre-trial supervision and was deceptive with probation staff throughout the pre-sentence investigation process, thus giving the trial court a basis to determine that community control supervision would be unsustainable . *See* Sentencing Tr. at 8-10. In addition, she did not cooperate with children's services and eventually gave physical custody of her daughter to her brother in order to continue her relationship with the aforementioned sex offender. Tr. at 8. Her probation officer stated at one point: "[I]n the 15 years I've done this, I have never met a more manipulative person." Tr. at 9.

{¶19}. Accordingly, we hold the non-maximum nine-month sentence in this matter, in lieu of community control, was duly considered by the trial court via the statutory factors and is not unreasonable, arbitrary or unconscionable. Therefore, we find no error of law or abuse of discretion in the trial court's imposition of said sentence in this matter.

{¶20}. Appellant's First Assignment of Error is overruled.

II.

{¶21}. In her Second Assignment of Error, appellant contends the trial court erred in ordering restitution, specifically the sum of $225.00 to Stephanie Windsor. We disagree.

{¶22}. R.C. 2929.18(A) states in pertinent part as follows:

{¶23}. "Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a

sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section ***. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶24}. "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. ***."

{¶25}. "Economic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense * * *."

{¶26}. Appellant points out that the record merely reveals the victim witness advocate's indication to the court that she had spoken to Stephanie Windsor, who had requested $225.00 in restitution. *See* Tr. at 7. Appellant seems to presume that it was for broken windows on Windsor's vehicle, but there is no information regarding same on the record. Because appellant declined to dispute the amount on the record, the trial court did not conduct a hearing on the issue. *See* 2929.18(A)(1), *supra.* As such, it would be unacceptably speculative for this Court to decide if Windsor (as opposed to John Gurick, the ex-boyfriend) should be considered a "victim" of appellant's crime for purposes of restitution. In addition, because appellant did not object to the trial court's restitution order or the statement of the advocate, or request a hearing on the issue, she has waived all but plain error. *See State v. Bauer*, 5th Dist. Licking No. 11-CA-93, 2012-Ohio-2457, ¶ 7. The plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 95, 372 N.E.2d 804. We are not inclined to do so in the present appeal.

{¶27}. Accordingly, we hold the trial court did not commit reversible error in ordering appellant to pay restitution to Ms. Windsor.

{¶28}. Appellant's Second Assignment of Error is overruled.

{¶29}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.

JWW/d 0116