[Cite as *State v. Robinson*, 2013-Ohio-2893.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-0005 |
| CASEY ROBINSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                             County Court of Common Pleas, Case No.
                             CR2012-0200

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 1, 2013

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RONALD WELCH                           VALERIE WIGGINS
27 North Fifth Street                  P.O. Box 116
Zanesville, OH  43701                  Roseville, OH 43777-0116

*Gwin, P.J.*

{¶1} Defendant-appellant Casey J. Robinson ["Robinson"] appeals his sentences on robbery a felony of the third degree in violation of R.C. 2911.02, with a firearm specification pursuant to R.C. 2941.145, entered after a negotiated plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Robinson was indicted on the following: Count 1) Aggravated Robbery, a felony of the first degree with a firearm specification; Count 2) Theft (less than $1,000), a first-degree misdemeanor; Counts 3 and 4) Felonious Assault, both felonies of the second degree.

{¶3} On December 3, 2012, pursuant to a written plea agreement, Robinson withdrew his former pleas of not guilty and entered a plea of "guilty" to an amended Count 1, to-wit: Robbery, a felony of the third degree with a firearm specification. In exchange, the state agreed not to make a recommendation and to leave sentencing to the discretion of the Court. The State further agreed to Nolle Counts 2, 3, and 4 at the time of sentencing.

{¶4} On January 14, 2013, Robinson returned to court for sentencing. The Court then ordered Robinson serve a mandatory prison term of three years on the firearm specification and a prison term of 30 months on the robbery conviction. The sentences were ordered to be served consecutively. The Court further informed Robinson that he was subject to a mandatory period of post release control for 3 years upon his release from prison.

*Assignment of Error*

**{¶5}** Robinson raises one assignment of error,

**{¶6}** "I. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS AND ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT, A FIRST-TIME FELONY OFFENDER, TO A NEAR- MAXIMUM PENALTY."

*Analysis*

**{¶7}** Robinson contends that the trial court abused its discretion by sentencing him to serve 30 months in prison for his robbery conviction.

**{¶8}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder*, 5th Dist. No. 2008-CA-25, 2008-Ohio-6709, 2008 WL 5265826.

**{¶9}** In *Kalish*, the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish,* ¶¶1 and 11, 896 N.E.2d 124, citing *Foster* at ¶100, See also, *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

**{¶10}** *"*Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, see also *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi*, supra at ¶29.

**{¶11}** "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶14.

**{¶12}** Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶4, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶13}** The Supreme Court held, in *Kalish*, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the

purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post-release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶20.

**{¶14}** In the case at bar, Robinson pled guilty and was convicted of a felony of the third degree. Sentences that a court can impose are nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Robinson was sentenced to thirty months.

**{¶15}** Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Robinson regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶16}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶4; *State v. Firouzmandi,* supra at ¶40.

**{¶17}** Post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶42.

*State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753, ¶¶7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶18}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶19}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.

**{¶20}** Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing

factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342(1st Dist.1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147(8th Cir. 1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley, supra* at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{¶21}  In the case at bar, the court had the benefit of a pre-sentence investigation report. Robinson was twenty-years old at the time of sentencing. He has never held a full-time or part-time job. (Sent. T. at 6). He has a prior assault conviction in March 2011. (Id.). Further, the court noted,

> [THE COURT]:      Aggravated menacing July of 2011, allegations there you went to a lady's house and left three bullets in the bedroom and told her next time they were going in her head, sound accurate?
>
> [ROBINSON]:      Yes, sir.
>
> [THE COURT]:      Drug abuse and resisting arrest, 2012?
>
> [ROBINSON]:      Yes sir.

[THE COURT]:        35 total adjudication in Muskingum County as a juvenile?

[ROBINSON]:        Yes sir.

[THE COURT]:        Looks like you posted bond in this case, and then revoked because you tested positive for THC?

[ROBINSON]:        Yes, sir.

\* \* \*

[THE COURT]:        Mr. Robinson, the three years [on the firearm specification] are mandatory, so you have to serve those. The 30-months is not mandatory time. At some point during that 30-month period, it's potential that you could file for judicial release...and go through a program, some other possible in-house program.

Sent. T. at 6-7; 10).

{¶22} In the sentencing entry filed January 16, 2013, the trial court noted specifically that it had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.R. 2929.12.

{¶23} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Robinson's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶24}** Accordingly, we hold the thirty-month sentence in this matter was not based on the consideration of improper factors and was not unreasonable, arbitrary or unconscionable. We further hold said sentence is not contrary to law.

**{¶25}** Robinson's sole assignment of error is overruled.

**{¶26}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN

WSG:clw 0617

[Cite as *State v. Robinson*, 2013-Ohio-2893.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CASEY ROBINSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2012-0005 |

For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN