[Cite as *State v. Hannah*, 2015-Ohio-4438.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| RUSSELL L. HANNAH | : | Case No. 15-CA-1 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2008-CR-0128


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 19, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MATTHEW C. DEROSA                         JAMES L. BLUNT, II
38 South Park Street                      3954 Industrial Parkway Drive
Mansfield, OH  44902                      Shelby, OH 44875

*Hoffman, J.*

{¶1} On April 1, 2008, Appellant, Russell Hannah, pled guilty to two counts of domestic violence, in violation of R.C. 2919.25, felonies of the fourth degree. A sentencing hearing was scheduled for May 30, 2008. Appellant failed to appear and a bench warrant was issued.

{¶2} Appellant was arrested on the outstanding warrant and appeared before the trial court on December 29, 2014. By sentencing entry filed same date, the trial court sentenced Appellant to eighteen months in prison on each count, to be served concurrently.

{¶3} Appellant assigns as error:

I

{¶4} "WHETHER THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF 18 MONTHS."

II

{¶5} "WHETHER THE TRIAL COURT CONSIDERED ALL OF THE SENTENCING FACTORS AND THE PURPOSE OF FELONY SENTENCING WHEN IMPOSING 18 MONTHS OF INCARCERTION."

I, II

{¶6} Appellant claims the trial court erred in sentencing him to the maximum term of eighteen months in prison as the default sentence was community control. Appellant also claims the trial court failed to consider the purposes and factors under R.C. 2929.11 and 2929.12.

{¶7} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Our standard of review was reaffirmed by this Court in *State v. Bailey,* 5th Dist. Ashland No. 14-COA-008, 2014-Ohio-5129.

{¶8} Under R.C. 2929.13(B)(1)(a), if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a communitycontrol sanction. In this case, Appellant was sentenced on two counts of domestic violence, which are considered offenses of violence. R.C. 2901.01(A)(9)(a). Therefore, the default sentence was not community control.

{¶9} Appellant pled guilty to two counts of domestic violence, in violation of R.C. §2919.25, fourth degree felonies. Pursuant to R.C. 2929.14(A)(4), a felony of the fourth degree is punishable by: "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." By sentencing entry filed December 29, 2014, the trial court sentenced Appellant to maximum terms of eighteen months on each count, to be served concurrently. Clearly, the sentence is within the statutory sentencing range.

{¶10} A trial court is no longer required to state its reasons for imposing maximum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. However, in determining a sentence, R.C. 2929.11 and 2929.12 require a trial court to consider the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See,State v. Mathis,* 109 Ohio St .3d 54, 2006-Ohio-855. R.C. 2929.11 states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶11} R.C. 2929.12 sets forth factors the trial court shall consider in determining the seriousness of the conduct and the likelihood of recidivism.

{¶12} In *State v. McKinney,* 5th Dist. Richland No. 14-CA-53, 2015-Ohio-372, ¶ 16, this Court noted:

However, the failure to indicate at the sentencing *hearing* that the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. Franklin No. 09AP-1163, 2010-Ohio-5819, 2010 WL 4884904, ¶ 8 (Emphasis added). Any findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. Boyd,* 5th Dist. Richland No. 13 CA 62, 2014-Ohio-2019, ¶ 12, citing *State v. O'Donnell,* 9th Dist. Summit No. 23525, 2007–Ohio–1943, ¶ 7 (Additional citations omitted).

{¶13} In this case, the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12. In *State v. Adams*, (2007) 37 Ohio St.3d, 295, the Ohio Supreme Court held at syllabus 3: "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." We note in its sentencing entry filed December 29, 2014, the trial court acknowledged it considered "the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12." The sentencing entry did not elaborate any further.

{¶14} During the sentencing hearing held on December 29, 2014, the trial court noted Appellant had assaulted a woman and her twelve year old son, and had been arrested on the outstanding warrant after having fled the jurisdiction over six years prior to his scheduled sentencing in May, 2008. T. at 2, 5, 6-7. The prosecutor informed the trial court that back in 2008, the file indicated "some discussions then about an intensive

supervision program," although there was also a notation Appellant had four outstanding warrants for his arrest when he was arrested on the current charges for failure "to comply with his probation in Franklin County and had two warrants for TPO violations on other victims in Franklin County." T. at 6. Thetrial court then asked Appellant why he waited to be arrested instead of notifying the police he was back in the area. T. at 8. Appellant responded: "I was going to after the holidays, Your Honor. I just wanted to spend the holidays with my wife and child." *Id.* Immediately thereafter, the trial court stated: "Eighteen months each count, concurrent. Take him into custody, please." *Id.*

{¶15} As this Court explained in *State v. Robinson,* 5th Dist. Muskingum No. CT2012–0005, 2013-Ohio-2893, ¶ 19-20:

Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist. No. 2006-CA41, 2006-Ohio-5823 at ¶ 52. Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy,* 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978). An "abuse of discretion" has also been found where

a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley, supra* at 143–145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{¶16}  Upon review, given the state of the record and the sentencing entry, we find the trial court did not abuse its discretion in sentencing Appellant.

{¶17}  The judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. dissents

*Farmer, J., dissents*

{¶18}  I respectfully dissent from the majority's finding of no abuse of discretion in the trial court's failure to adequately address the factors of R.C. 2929.11 and 2929.12 at the sentencing hearing and in its judgment entry.  I believe the language adopted by this court in *State v. Robinson,* 5th Dist. Muskingum No. CT2012-0005, 2013-Ohio-2893, to be controlling and should have been followed by the majority.