**[Cite as *State v. Dale*, 2022-Ohio-4074.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| THOMAS E. DALE | : | | Case No. CT2022-0007 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Muskingum County
                                        Court of Common Pleas, Case No.
                                        CR2021-0448

JUDGMENT:                               Affirmed

DATE OF JUDGMENT:                       November 15, 2022

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RONALD L. WELCH                         JAMES S. SWEENEY
Prosecuting Attorney                    James Sweeny Law, LLC
Muskingum County, Ohio                  285 South Liberty Street
                                        Powell, Ohio 43065
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}    Appellant, Thomas E. Dale, appeals the sentence imposed upon him by the Muskingum County Court of Common Pleas.  Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}    Dale terrorized three people visiting his home for a bonfire celebration and, as a result, was charged with nineteen serious offenses.  He plead guilty to four counts for an aggregate prison term of twenty-one to twenty-six and one-half years, fourteen of which are mandatory.  He now contends the trial court's failure to expressly state during the sentencing hearing that it had considered the factors and requirements of R.C. 2929.11 and 2929.12 renders the sentence contrary to law and unsupported by the record.

{¶3}    Dale entered a plea of guilty, so the available facts are contained within the transcripts for the change of plea and sentencing as well as the sentencing memorandum offered by the State.

{¶4}    Appellant hosted a bonfire gathering at his home and M.G., D.J.  and M.G.'s ten month old son, as well as Dale's wife and brother attended.  Some of the guests consumed Xanax and bath salts. In the early morning hours of the following day, Dale suspected that someone had stolen his drugs and he was furious.  He snatched M.G. by the hair and pulled her about the living room, finally letting her go after she plead with him.  She ran into the bedroom with her son, and Dale soon followed with a handgun and forced her out.

{¶5} Dale then forced M.G., at gun point, to take his penis in her mouth. Then he directed his attention to D.J., ordering him to the floor, placing a gun to his head and demanding that he tell him where the Xanax was hidden. He discharged the hand gun into the floor beside D.J.

{¶6} Dale then forced M.G. and D.J. to undress and he inserted his fingers into M.G.'s vagina, still searching for his Xanax. He compelled M.G. and D.J. to hold his gun, claiming that would permit him to shoot them in self-defense. He began striking D.J. in the face, knocked him to the ground and continued the assault by kicking him. After the physical abuse, he warned the victims that he was a member of a biker gang and if they told anyone, their family would be killed. He compelled M.G. to write her name and address and her family's name while making this threat.

{¶7} Dale was arrested and charged with nineteen separate offenses including, kidnaping, rape, tampering with evidence, felonious assault, domestic violence, having a weapon under a disability and intimidation. Sixteen of the charges were accompanied by firearm specifications.

{¶8} He later entered a guilty plea to attempted kidnapping, a violation of R.C. 2923.02(A) and 2905.01(A)(2), a felony of the second degree; rape with a firearm specification, in violation of R.C. 2907.02(A)(2) and 2941.145, a felony of the first degree; felonious assault, in violation of 2903.11(A)(1), a felony of the second degree; and domestic violence in violation of 2919.25(A), a felony of the fourth degree. Dale was sentenced to an aggregate of 21 to 21.5 years, 14 of which were mandatory.

{¶9} Dale filed a timely appeal and submitted a single assignment of error:

**{¶10}** "I. THE TRIAL COURT'S SENTENCE ON THE CHARGE OF RAPE WAS NOT SUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW."

### ANALYSIS

**{¶11}** Dale contends that the trial court's sentence on the charge of rape was not supported by the record and was contrary to law. Dale was sentenced to an eleven-year mandatory sentence for rape with an indefinite sentence of sixteen and one-half years, with a three year mandatory consecutive sentence for the fire arm specification. Dale argues that the trial court did not mention R.C. 2929.11 or 2929.12 during the sentencing hearing, that the record does not support the trial court's findings under those statutes and that the court failed to consider those statues at sentencing. Dale does concede that the trial court did confirm that it considered the requirements of R.C. 2929.11 and 2929.12 within its judgment entry imposing the sentence.

**{¶12}** This court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." The statement in the sentencing entry that those factors were considered provides support for the presumption. *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. *Accord State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14. As this court explained in *State v. Robinson,* 5th Dist. Muskingum No. CT2012–0005, 2013–Ohio–2893, ¶ 19–20: "Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons." The Supreme Court

has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm. *State v. Duktig*, 8th Dist. Cuyahoga No. 79517, 2002-Ohio-3770, ¶ 8. This court has confirmed that "consideration of the factors is presumed unless the defendant affirmatively shows otherwise." (Citations omitted.) *State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

**{¶13}** Our review of the record supports a conclusion that the requisite factors were considered. The state filed a sentencing memorandum that provided a complete analysis of the factors listed in R.C. 2929.11 and 2929.12 as well as a summary of the facts and Dale did nothing to rebut these facts but pointed to the lack of any prior serious criminal behavior and laid the blame for his offenses on a reaction to unfamiliar illegal drugs and the fact that the victims were allegedly guilty of stealing Dale's illegal drugs. The trial court received and reviewed the presentence investigation and, though that document is not part of the record, the judge did note that the only offense listed was a domestic violence from 2012.

**{¶14}** The court noted that Dale's offenses were violent and affected four victims and their families. He noted that the harm done to the victims was severe and warranted serious consequences. The trial court made findings to support consecutive sentences and reiterated that Dale shot at people, stripped them, stuck his hands into them and traumatized them for an extended period of time.

**{¶15}** The findings on the record at the sentencing hearing and the confirmation in the entry demonstrate compliance with the requirements of R.C. 2929.11 and 2929.12. "The fact that R.C. 2929.11 and 2929.12 are not expressly referenced during a sentencing hearing is immaterial when the trial court's sentencing entry cites to both statutes." *See*

*State v. Hutchinson*, 12th Dist. Butler No. CA2018-11-211, 2019-Ohio-2789, ¶ 12; *State v. Spencer*, 12th Dist. Butler No. CA2018-10-202, 2019-Ohio-2160, ¶ 14-15." *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 27.  In this case, the trial court noted that it "* * * has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code § 2929.12. (Entry, Dec. 22, 2021, p. 2).  Dale's complaint that the trial court did not reference the statutes during the sentencing hearing and his conclusory statements that the record does not support the sentence imposed do not rebut the presumption that the trial court considered the factors listed in R.C. 2929.11 and 2929.12 and do not rise to the level of clear and convincing evidence that sentence imposed was contrary to law.

**{¶16}**  Dale's assignment of error is overruled.

**{¶17}**  The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.