[Cite as *State v. Blosser*, 2024-Ohio-173.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| WILLIAM R. BLOSSER, JR. | : | Case No. CT2023-0060 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2023-0150


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                January 18, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN CONNOR DEVER                         CHRIS BRIGDON
27 North Fifth Street                     8138 Somerset Road
P.O. Box 189                              Thornville, OH  43076
Zanesville, OH  43702

*King, J.*

{¶ 1}   Defendant-Appellant William R. Blosser, Jr. appeals the July 27, 2023 judgment of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this appeal. On March 8, 2023, the Muskingum County Grand Jury returned an indictment charging Blosser with one count of aggravated vehicular homicide, a felony of the second degree, one count of aggravated vehicular homicide, a felony of the third degree, one count of aggravated vehicular assault, a felony of the third degree, one count of vehicular assault, a felony of the fourth degree, and three counts of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, misdemeanors of the first degree.

{¶ 3}   Pursuant to plea negotiations with the state, Blosser agreed to enter pleas of guilty to aggravated vehicular homicide, a felony of the second degree, and aggravated vehicular assault, a felony of the third degree. In exchange, the state agreed to dismiss the balance of the indictment, and further agreed it would not argue for a sentence of greater than 10 years. The state further amended the aggravating circumstance for each count to driving under suspension.

{¶ 4}   On June 5, 2023, Blosser entered pleas of guilty. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 5}   Blosser appeared for sentencing on July 19, 2023. The trial court noted it had reviewed the presentence investigation, Blosser's extensive prior record, the fact that

he was driving on a suspended license, and the fact that one person died and another was seriously injured as a result of Blosser's actions. The state noted, that while it was within the error rate of the per se level pursuant to R.C 4511.19(A)(1)(A), Blosser also had methamphetamine in his system at the time of the offense.

{¶ 6} The trial court sentenced Blosser to a mandatory indefinite term of incarceration of 6-9 years for aggravated vehicular homicide, and 4 years for aggravated vehicular assault. Blosser was ordered to serve the sentences consecutively.

{¶ 7} Blosser filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 8} "THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. §2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. §2929.12."

{¶ 9} In his sole assignment of error, Blosser argues the trial court failed to adequately consider the principles and purposes of sentencing as contained in R.C. 2929.11 and 2929.12. We disagree.

Applicable Law

{¶ 10} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record

does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 12} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. A sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

{¶ 13} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Supreme Court of Ohio found R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." And further that "[n]othing

in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

### Blosser's Arguments

{¶ 14} Blosser's sentences are within the statutory range and he does not argue otherwise. Instead he asks this court to independently weigh the evidence in the record concerning the trial court's compliance with R.C. 2929.11 and 2929.12 considerations and substitute our judgment for that of the trial court. We have no authority to do so. Blosser also argues, without evidence, that the trial court failed to consider all of the sentencing and recidivism factors contained in R.C. 2929.12.

{¶ 15} The evidence in the record supports the trial court's sentencing decision. The trial court noted it had reviewed the presentence investigation, discussed Blosser's extensive prior record which includes 5 prior felonies and 12 prior misdemeanors, the fact that he was driving on a suspended license when this incident occurred, and that his actions killed one person and seriously injured another. Transcript of sentencing, July 19, 2023, 6-7. While Blosser argues the trial court did not discuss certain factors contained in R.C. 2929.11 and 2929.12, R.C. 2929.11 does not require the trial court to make any specific findings. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 16} Moreover, even if the trial court had been completely silent on the record as to the R.C. 2929.11 and R.C. 2929.12 factors, this court has previously found:

[W]hen the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." The statement in the sentencing entry that those factors were considered provides support for the presumption. *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. Accord *State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14. As this court explained in *State v. Robinson*, 5th Dist. Muskingum No. CT2012-0005, 2013-Ohio-2893, ¶ 19-20: "Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons." The Supreme Court has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm. *State v. Duktig*, 8th Dist. Cuyahoga No. 79517, 2002-Ohio-3770, ¶ 8. This court has confirmed that "consideration of the factors is presumed unless the defendant affirmatively shows otherwise." (Citations omitted.) *State v. Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

{¶ 17} *State v. Dale*, 5th Dist. No. CT2022-0007, 2022-Ohio-4074 ¶ 12.

{¶ 18} We find the record adequately justifies Blosser's sentence. The judgment entry in this matter indicates the trial court considered the appropriate factors, and Blosser has not affirmatively demonstrated otherwise.

{¶ 19} For the foregoing reasons, Blosser's assignment of error is without merit and is overruled.

{¶ 20} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Delaney, P.J. and

Gwin, J. concur.