**[Cite as *State v. Parks*, 2025-Ohio-960.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                        |
|--------------------------|---|--------------------------------|
| STATE OF OHIO            | : | Hon. William B. Hoffman, P.J.  |
|                          | : | Hon. Kevin W. Popham, J.       |
| Plaintiff-Appellee       | : | Hon. David M. Gormley, J.      |
|                          | : |                                |
| -vs-                     | : |                                |
|                          | : | Case No. CT2024-0119           |
| MUREL PARKS              | : |                                |
|                          | : |                                |
| Defendant-Appellant      | : | <u>OPINION</u>                 |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                             of Common Pleas, Case No. CR2024-0339


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 18, 2025


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

RON WELCH                            CHRIS BRIGDON
Prosecuting Attorney                 8138 Somerset Road
27 North Fifth St., P.O. Box 189     Thornville, OH 43076
Zanesville, OH 43702

*Popham, J.*

{¶1} Defendant-appellant Murel D. Parks ["Parks"] pled guilty to Failure to Comply with an Order or Signal of a Police Officer causing substantial risk of serious physical harm, a felony of the third degree, and Aggravated Possession of [methamphetamine], a felony of the fifth degree. Each count also contained a forfeiture specification. The trial judge sentenced Parks to 36 months and 12 months, respectfully, consecutive. Parks agreed to a forfeiture of the truck used in the offense.

{¶2} On appeal, Parks argues that, without specific findings by the sentencing judge that the offenses were among the worst forms of the offenses, or that Parks posed the greatest recidivism risk, the maximum sentences were not supported by the record or the necessary statutory findings.

{¶3} Because we find that the trial judge's sentencing on the charges complies with applicable rules and sentencing statutes, and that Parks has not demonstrated that the trial judge imposed the sentence based on impermissible considerations, we affirm the sentence of the trial judge.

*Facts and Procedural History*

{¶4} At around 12:11 a.m. on May 22, 2024, a deputy with the Muskingum County Sheriff's Office observed a 2022 white Dodge Ram truck driven by Parks drive over the marked yellow center line of the roadway. Plea T. at 11. The deputy activated the overhead lights on his cruiser and attempted to make a traffic stop; however, the truck failed to stop. The deputy then activated the siren; however, the truck continued driving at around 35 miles per hour. Plea T. at 12. The truck drove down the middle of the road, ran a stop sign at an intersection, and turned northbound onto Dresden Road still driving

down the middle of the roadway. The deputy observed a vehicle approaching from the opposite direction that had to drive partially off the roadway to avoid being hit by the truck. Plea T. at 12. The truck turned onto a dead-end road and pulled into a driveway. Parks was taken into custody without any further incident. *Id.* The total distance of the pursuit was 3.5 miles. Plea T. at 13. The chase lasted about five minutes. *Id.*

{¶5} Parks was arrested. Methamphetamine, less than bulk amount, and drug paraphernalia were recovered during the search of Parks and his truck. Plea T. at 12-13.

{¶6} On May 29, 2024, Parks was indicted on the following two counts:

Failure to Comply with an Order or Signal of a Police Officer, causing a substantial risk of serious physical harm, a felony of the third degree in violation of R.C. 2921.331(B) / (C)(5)(a)(ii); and

Aggravated Possession of [Methamphetamine], a felony of the fifth degree in violation of R.C. 2925.11(A) / (C)(1)(a).

{¶7} Each count contained a forfeiture specification for the 2022 white Dodge Ram truck pursuant to R.C. 2941.1417(A), R.C. 2981.02, and R.C. 2981.04.

{¶8} On July 31, 2024, a Criminal Rule 11(C) and (F) negotiated plea form signed by Parks, his attorney, and the assistant prosecuting attorney was filed. [Docket Entry No. 15]. On that date, Parks entered a guilty plea to both Counts in the Indictment and agreed to the forfeiture of his truck. Plea T. at 4. Sentencing was deferred pending the completion of a Presentence Investigation Report ["PSI"]. Judgment Entry, *Change of Plea*, filed Aug. 6, 2024. [Docket Entry No.17].

{¶9} On September 23, 2024, the trial judge reviewed the PSI, and heard from Parks, his attorney, and the prosecutor.

{¶10} The judge noted that Parks agreed to the forfeiture of his truck. Sent. T. at 4-5. The judge further noted that Parks had two felony charges of Aggravated Trafficking in [methamphetamine], one with a firearm specification, pending in Coshocton County. *Id.* at 6.

{¶11} Parks further had a felony conviction for Failure to Comply with an Order or Signal of a Police Officer in Cuyahoga County in 2018. Also in 2018, Parks had felony convictions in Ashland County for aggravated possession of drugs, tampering with evidence, and failure to appear. Parks also had a felony conviction in Coshocton County in 2018 for trafficking in prescription drugs. *Id.*

{¶12} In 2017, Parks had a felony conviction in Coshocton County for Failure to Comply with an Order or Signal of a Police Officer. Sent. T. at 6.

{¶13} In 2005, Parks had a felony conviction for theft in Coshocton County. *Id.*

{¶14} In 2001, Parks had felony convictions in Coshocton County for two counts of trafficking in marijuana, and in 1995 in Coshocton County convictions for felonious assault, domestic violence and grand theft. *Id.* at 7.

{¶15} The sentencing judge noted Parks' "significant" misdemeanor record in Muskingum and Coshocton Counties. Sent. T. at 6. The judge also recognized Parks' "significant" juvenile record. *Id.*

{¶16} The judge sentenced Parks to a term of 36 months on Count 1, and 12 on Count 2. Noting that R.C. 2921.331(D) requires the sentences run consecutive to one another, the judge ordered an aggregate prison sentence of 48 months. Sent. T. at 7-8.

*Assignment of Error*

**{¶17}** Parks raises one Assignment of Error:

**{¶18}** "I. SHOULD THIS HONORABLE COURT REMAND THIS MATTER FOR RE-SENTENCING BECAUSE THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE, PURSUANT TO R.C. §2929.14(B) - (C)."

**Standard of Review.**

**{¶19}** In accordance with R.C. 2953.08(A)(1), Parks is entitled to appeal as of right the maximum sentence imposed on his conviction.

**{¶20}** A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and Presentence Investigation Reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See also, State v. Bonnell*, 2014-Ohio-3177, ¶ 28. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), *superseded by statute on other grounds as stated by In re Adoption of T.R.S.,* 2014-Ohio-3808 (7th

Dist.)*, ¶¶ 16–17*, and In re Adoption of A.L.S.,* 2018-Ohio-507 (12th Dist.)*, ¶ 23.* "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

**{¶21}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 2020-Ohio-6729, ¶ 39. In other words, R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12. *State v. Toles*, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring). Contrary to law as defined in legal dictionaries, e.g., Black's Law Dictionary 328 (6th Ed.1990), means "in violation of statute or legal regulations at a given time." *State v. Jones*, 2020-Ohio-6729, ¶ 34. Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

### Purposes and Principles of Felony Sentencing - R.C. 2929.11

**{¶22}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes, and (3) to promote the effective rehabilitation of the offender using the minimum sanctions that the court

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the trial judge shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

### Seriousness and Recidivism - R.C. 2929.12

{¶23} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim, the physical, psychological, or economic harm suffered by the victim, whether the offender's relationship with the victim facilitated the offense, the defendant's prior criminal record, whether the defendant was under a court sanction at the time of the offense, whether the defendant shows any remorse, and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶24} Because in this case the sentences must run consecutive pursuant to R.C.

2921.331(D), the trial judge was not required to make R.C. 2929.14(C)(4) findings with respect to consecutive sentences. *See, State v. Beasley,* 2018-Ohio-493, ¶ 256; *State v. Ramsey,* 2017-Ohio-4398, ¶ 16 (5th Dist.) (firearm specification); *State v. Goins,* 2016-Ohio-5930, ¶ 9 (8th Dist.) (firearm specification); *State v. Freeman,* 2014-Ohio-5725, ¶ 31 (7th Dist.).

{¶25} However, Parks challenges the sentencing judge's imposition of maximum sentences. He contends that without specific findings that these offenses were among the worst forms, or that Parks posed the greatest recidivism risk, the maximum sentences were not supported by the record or the necessary statutory findings. Appellant's brief at 6.

{¶26} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Keith,* 2016-Ohio-5234, ¶¶ 10, 16 (8th Dist.); *State v. Taylor,* 2017-Ohio-8996, ¶ 16 (5th Dist.).

{¶27} However, neither R. C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones,* 2020-Ohio-6729, ¶ 20, *citing State v. Wilson,* 2011-Ohio-2669, ¶ 31, and *State v. Arnett,* 88 Ohio St.3d 208, 215 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under the statutes. *State v. Bement,* 2013-Ohio-5437, ¶ 17 (8th Dist.); *State v. Combs,* 2014-Ohio-497, ¶ 52 (8th Dist.). "The trial court has no obligation

to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb*, 2019-Ohio-4195, ¶ 19 (5[th] Dist.); *State v. Clanin*, 2024-Ohio-2445, ¶ 14 (5th Dist.). Moreover, even if the trial court had been completely silent on the record as to the R.C. 2929.11 and R.C. 2929.12 factors, this Court has previously found,

When the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises that a trial court considered the factors contained in R.C. 2929.12. The statement in the sentencing entry that those factors were considered provides support for the presumption. *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. *Accord State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14. As this court explained in *State v. Robinson*, 5th Dist. Muskingum No. CT2012-0005, 2013-Ohio-2893, ¶ 19-20: "Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons." The Supreme Court has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm. *State v. Duktig*, 8th Dist. Cuyahoga No. 79517, 2002-Ohio-3770, ¶ 8. This Court has confirmed that "consideration of the factors is presumed unless the defendant affirmatively shows otherwise." (Citations omitted.) *State v.*

*Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18;

*State v. Dale*, 5th Dist. No. CT2022-0007, 2022-Ohio-4074 ¶ 12.

*State v. Blosser*, 2024-Ohio-173, ¶¶ 16-17 (5th Dist.).

{¶28} In the case at bar, although the trial judge referred to "consecutive sentences," he nonetheless found that the sentence was supported by the need to protect the public and punish the offender, deter future crime, and is commensurate with the seriousness of Parks' conduct. R.C. 2929.11(A); R.C. 2929.12(B); Sent. T. at 7-8. The record demonstrates the trial judge reviewed Parks' PSI and listened to the statements from the prosecutor, Parks, and Parks' attorney. In his sentencing entry, the trial judge indicated he considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶29} The trial judge sentenced Parks to a sentence that is permissible for the felonies that he had pled guilty, and Parks has not demonstrated that the trial court imposed the sentence "based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Cottrell*, 2023-Ohio-1391, ¶ 21 (5th Dist.).

{¶30} Upon review, we find that the trial judge's sentencing complies with applicable rules and sentencing statutes. While Parks may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and not based on impermissible considerations; therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.).

{¶31} Parks' sole Assignment of Error is overruled.

{¶32} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J., and

Gormley, J., concur