[Cite as *State v. Bucey*, 2022-Ohio-3573.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29398 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-4029 |
| | : | |
| MICHAEL A. BUCEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} In January 2022, Defendant-Appellant Michael A. Bucey pled guilty to one count of violating a protection order, a fifth-degree felony. A few weeks later, the trial court sentenced him to a 12-month prison term. Bucey now appeals from his conviction, arguing that his sentence is contrary to law. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.    Facts and Procedural History

{¶ 2} In December 2021, Bucey violated the terms of a protection order, and because he had also previously done so, was indicted on a fifth-degree felony count of violating a protection order. On January 5, 2022, Bucey pled guilty, and after a presentence investigation (PSI) was completed and reviewed by the trial court, he was sentenced to 12 months in prison. Immediately after hearing his sentence, Bucey made an oral motion to withdraw his guilty plea, and a written motion followed. The trial court denied the motion. Bucey now appeals, challenging his conviction. He has not, however, appealed the denial of his motion to withdraw his plea.

## II.    Bucey's sentence was not contrary to law

{¶ 3} In his lone assignment of error, Bucey argues that his 12-month prison sentence is contrary to law. Specifically, he avers that the record does not support the trial court's findings and that the prison sentence is excessive.

{¶ 4} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria

that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 5} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 6} We may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 7} In this case, Bucey's 12-month sentence for violating a protection order fell within the statutory range authorized for fifth degree felonies (6, 7, 8, 9, 10, 11, or 12 months). *See* R.C. 2929.14(A)(5). Further, at the sentencing hearing, the trial court stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. Although the court did not make specific findings regarding the factors, there is nothing in the record to suggest that it failed to consider each of them, and thus, the trial court complied with its obligations.

Finally, while Bucey's conviction would normally call for community control sanctions, a prison term was appropriate due to his prior felony record.

**{¶ 8}** Bucey's sentence was not contrary to law, and to the extent that he claims his sentence was unsupported by the record, that argument is foreclosed by *Jones*. The assignment of error is overruled.

### III.    Conclusion

**{¶ 9}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Hon. Mary Katherine Huffman