[Cite as *State v. Aleksic*, 2025-Ohio-2231.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| SHANE ALEKSIC | : | Case No. CT2024-0146 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2024-0644

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    June 25, 2025

APPEARANCES:

For Defendant-Appellant

Christopher D. Brigdon
8138 Somerset Road
Thornville, Ohio 43076

For Plaintiff-Appellee

Ronald L. Welch
Muskingum County Prosecuting Attorney

Joseph A. Palmer
Chief Appellate Counsel
27 North 5th Street, Suite 201
Zanesville, Ohio 43701

*Gormley, J.*

**{¶1}** Defendant Shane Aleksic challenges in this appeal the prison sentence imposed on him in the Court of Common Pleas of Muskingum County. Aleksic was convicted there on three felony charges and one misdemeanor charge, and he was ordered to serve an aggregate 18-month prison sentence in the case. He argues here that the trial court failed to consider the principles and purposes that underlie Ohio's sentencing statutes, and he claims that a community-control sentence would have adequately punished him. For the reasons explained below, we affirm the trial court's judgment.

**{¶2}** In July 2023, Ohio State Highway Patrol troopers found Aleksic asleep in a vehicle parked at a roadside rest area. With him in the vehicle at the time were a loaded revolver, some methamphetamine, and some drug paraphernalia, and the discovery of those items led to the filing of multiple criminal charges against him.

**{¶3}** Several months later, Aleksic pled guilty to several firearm and drug charges, the most serious of which was a third-degree-felony charge of having a weapon while under a disability. No sentencing recommendation was included in the parties' plea agreement.

**{¶4}** At the sentencing hearing, the trial judge imposed an 18-month prison term on the weapon charge. The sentences on all other charges were imposed concurrently with that sentence. In his sole assignment of error, Aleksic argues that his sentence is contrary to law because — in his view — the trial judge failed to consider the sentencing factors set forth in R.C. 2929.11 and 2929.12.

{¶5}    When a felony sentence is challenged at this court, we are permitted under Ohio law to "increase, reduce, or otherwise modify" the sentence (or to remand the case to the trial court to do any of those things) if and only if "clear[] and convincing[]" evidence indicates that the trial court's sentencing-related findings are not supported by the record or if the sentence is "otherwise contrary to law."  R.C. 2953.08(G)(2).

{¶6}    "Clear and convincing evidence is that measure or degree of proof" that will produce in the mind of the trier of fact a "firm belief or conviction as to the allegations sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).  Clear and convincing evidence is something more than a mere preponderance, but it is a lower burden than proof beyond a reasonable doubt.  *Id.*  "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence."  *State v. Marcum*, 2016-Ohio-1002, ¶ 23.

{¶7}    To achieve the "overriding purposes of felony sentencing" — protecting the public from future crime, punishing the offender, making whole any victims and the public, and rehabilitating the offender, all of which are to be accomplished with the least onerous and least costly sanctions available — the trial court should "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  R.C. 2929.11(A).  R.C. 2929.12 lists general factors relating to the seriousness of the offender's conduct and the likelihood of recidivism that the trial court must consider when imposing a felony sentence.  And R.C. 2929.12(A) tells us that the trial court retains

"discretion to determine the most effective way to comply with the purposes and principles of sentencing" that are listed in R.C. 2929.11.

{¶8}   "Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons . . . for imposing a particular sentence within the statutory range." *State v. Webb*, 2019-Ohio-4195, ¶17 (5th Dist.).  The Revised Code also does not require that the trial court "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000), citing R.C. 2929.12.

{¶9}   In this case, a presentence investigation was conducted by the trial court's probation staff, and the presentence report was reviewed by the trial judge and by counsel for both parties before the sentencing date.  In describing his crimes to the presentence investigator, Aleksic evidently stated that he had found and picked up what he believed were marijuana dabs — small amounts of particularly potent cannabis — and that he kept them in his vehicle because he planned to give them to his partner.  At the sentencing hearing, the state voiced some concern about that story and about Aleksic's related claim in the presentence report that he did not know that methamphetamine had been in his vehicle.

{¶10} At the sentencing hearing, Aleksic's attorney noted that his client had completed a 72-hour driver intervention program since his arrest and was engaged in counseling for his alcohol use.  Defense counsel stated, too, that Aleksic was remorseful for his crimes.

**{¶11}** Once both the prosecutor and defense counsel had spoken at the sentencing hearing, the trial judge gave Aleksic the opportunity to speak. Aleksic indicated that he had nothing that he wanted to add.

**{¶12}** Before announcing the sentence, the trial judge said that he did not believe Aleksic's claim about having found what turned out to be methamphetamine. The trial judge also mentioned Aleksic's prior convictions, which included aggravated assault, a misdemeanor conviction in Michigan for operating a vehicle while under the influence of drugs or alcohol, disorderly conduct, and receiving stolen property.

**{¶13}** The trial judge then imposed the sentence: 18 months in prison on the F3 charge of having a weapon while under a disability, 11 months in prison on an F5 charge of aggravated possession of drugs (for the methamphetamine), 11 months in prison on an F5 charge of improperly handling a firearm in a motor vehicle, and 30 days of local incarceration on an M4 charge of possessing drug paraphernalia. The trial judge imposed the sentences concurrently for an aggregate prison sentence of 18 months. After imposing the sentence, the trial judge asked Aleksic's counsel if there was "anything further," and counsel responded, "nothing further."

**{¶14}** Aleksic contends that the trial court failed to consider the mitigating factors mentioned at the sentencing hearing. Aleksic also contends that the trial court failed to choose the minimum sanctions that would have, in his view, accomplished the purposes of felony sentencing.

**{¶15}** In his judgment entry listing the sentence, the trial judge stated that he had considered the trial-court record in the case as well as all statements made by the parties, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and

recidivism factors under R.C. 2929.12. The sentencing entry also recounts Aleksic's prior criminal record, which included convictions for offenses of violence.

{¶16} At the sentencing hearing itself, the trial judge did not refer expressly to the factors in R.C. 2929.11 and 2929.12. When that happens, we presume that the trial court did consider those sentencing factors. *See State v. Hannah*, 2015-Ohio-4438, ¶13 (5th Dist.), citing *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus. As noted above, the trial judge indicated in his sentencing entry that he had in fact considered the principles and purposes of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12.

{¶17} A sentence of 18 months for a conviction on a third-degree felony is certainly within the permissible statutory range set by R.C. 2929.14(A)(3)(b) for that level of offense. The terms of imprisonment and jail time imposed on Aleksic for his other convictions in the case also align with the ranges spelled out in R.C. 2929.14(A)(5) (for the F5 offenses) and R.C. 2929.24(A)(4) (for the M1 offense).

{¶18} "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *State v. Bucey*, 2022-Ohio-3573, ¶ 6 (2d Dist.). Aleksic does not dispute that the sentences imposed on him were within the statutory ranges for his crimes. And nothing in the record before us causes us to question the language in the sentencing entry indicating that the trial judge considered the sentencing factors set forth in R.C. 2929.11 and 2929.12.

{¶19} We cannot modify or vacate Aleksic's sentence unless we clearly and convincingly find that the record does not support the sentence.  Because the record in this case does in fact support the trial court's decision, we affirm the judgment.

By: Gormley, J.

Hoffman, P.J. and

Popham, J. concur.